Nos. 30,926, 30,927.

THE STATE OF KANSAS, *Appellee,* v. HARVEY L. SONGER, J. EARL
TANNER and FRANK CRON, *Appellants.*

(16 P. 2d 483.)

Opinion filed December 10, 1932.

*E. W. Grant* and *K. M. Geddes,* both of El Dorado, for the appellants.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, *R. C. Woodward,* county attorney, and *C. Glenn Morris,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on an official bond. Judgment was for plaintiff, overruling a motion of defendant for costs. Defendant appeals.

The petition alleged that Harvey Songer had been the clerk of

the district court for the term ending January 11, 1931. It alleged that he had held the office continuously since January 8, 1917; that appellants, Tanner and Cron, became his bondsmen for the two-year term commencing January 14, 1929; that at the 1930 election one Smith was elected to succeed Songer; that during the term of office, which commenced on January 14, 1929, and ended on January 11, 1931, there came into the hands of Harvey Songer $37,-864.05. The petition alleged that this sum should have been turned over to his successor by Songer. The petition then alleged that Songer only turned over to his successor two certificates on the state bank guaranty fund drawn on the receiver of the Butler County State Bank in the aggregate amount of $17,403.54 plus $20,460.51 in cash; that prior to this tender the affairs of the bank had been entirely liquidated; that the successor refused to accept the certificates and demanded the payment of the $17,403.54 from Songer in cash; that Songer was obligated to turn over to his successor the sum of $37,864.05 and that Songer wrongfully retains the sum of $17,403.54; and that Songer, Tanner and Cron are wrongfully indebted to appellee in the amount of $10,000. The petition referred to an itemized statement and audit of the books of the clerk. It was made a part of the petition by reference. An examination of it discloses that the amount claimed to be due on the bond is the amount of the two certificates on the guaranty fund.

To this petition appellant filed a motion for costs. This was treated as a demurrer by the court and overruled. The appeal is from that order.

The action is against Songer and the two bondsmen and is an action on the bond. Any liability must be determined according to the provisions and terms of the bond.

It will be seen that the conditions of the bond are as follows:

". . . shall honestly and faithfully perform and execute the duties of said office required of him by law, during his continuance therein, by virtue of said election, and pay over to the proper person or authority all moneys that may come into his hands by virtue of said office, and deliver to his successor all books, records, papers and other things belonging to said office."

This bond was executed on January 10, 1929. The petition disclosed that Songer did pay over to his successor all the money that came into his hands by virtue of his office while that bond was in effect. The petition further discloses that the defalcation, if there was any defalcation, occurred many years before the bond sued on

was executed. The argument is made that the liability of Songer, if he was liable as an insurer of the funds, was fixed on March 30, 1923, the date the bank was closed, and that the statute of limitations has run. It is not necessary to answer that question here because the suit is against Songer and the bondsmen and is based on an alleged defalcation that occurred before the bond in question was executed.

The judgment of the district court is reversed with directions to render judgment for the defendants. As stipulated by the parties, the decision herein will be considered as decisive of the appeal in *State v. Songer*, No. 30,926.